HATSEL PURPLE *versus* EZRA PURPLE *et al.*

A replevin bond made to the replevying officer instead of the defendant in replevin, is void.

THIS was an action of debt upon a bond made by R. Leonard, J. Day, and E. Purple, to the plaintiff, as a coroner, upon his serving a writ of replevin sued out by Leonard and Day against A. Hill. The condition was, that Leonard and Day should prosecute the writ of replevin to final judgment, and should pay all such damages as Hill should recover against them, and should return the chattels replevied, in case &c. The defendants, after oyer of the bond and condition, demurred generally to the declaration.

*Sept. 26th.* Grennell and Wells, in support of the demurrer, objected that the bond was void, being made to the officer, instead of the defendant in replevin. *St.* 1789, *c.* 26, § 4 ; *Churchill* v. *Perkins,* 5 Mass. R. 541 ; *Morse* v. *Hodson,* ibid. 314 *Denny* v. *Lincoln,* ibid. 387 ; *Clap* v. *Cofran,* 7 Mass. R. 101 ; *Brown* v. *Getchell,* 11 Mass. R. 11 ; *Arnold* v. *Bailey,* 8 Mass. R. 145.

*Bigelow, contrâ,* contended that the bond was good at common law. *Morse* v. *Hodson, ubi sup. ; Clap* v. *Guild,* 8 Mass. R. 153 ; *Arnold* v. *Allen,* ibid. 149 ; *Mattoon* v *Pearce,* 12 Mass. R. 411.

The opinion of the Court was drawn up by

*Oct. term, in Middlesex.*

227

PARKER C. J. By the statute regulating the writ and process in replevin, there is no distinct enactment which provides for a bond to be taken from the plaintiff in replevin, but in the form of the writ which is provided for in the 4th section, there is a distinct proviso or condition in the words

---

* See *Sargent et al.* v. *Southgate, post,* 312; [*Peabody* v. *Peters, ante,* 4 n. 1.]

following : — "Provided, he the said P. D. (which are the initials used to describe the plaintiff in the suit) shall give bond to the said S. P. (which letters are used in the same form to describe the defendant in the suit) with sufficient surety or sureties," &c. We must consider this provision as equivalent to a direct enactment, that the plaintiff in replevin shall give bond to the defendant ; [1] and as such a bond is a condition upon which the lawfulness of the replevin depends, without it there is no replevin, and those who take the goods from those who had the legal custody, are trespassers. The bond on which this suit is brought can in no sense be taken to be according to the statute, and the officer who held the goods by attachment might have kept possession of them notwithstanding the writ of replevin.

But it is insisted, that it is a good bond at common law, and therefore upon demurrer judgment ought to be for the plaintiff. We are not of that opinion. It stands as a bond given to one who has no lawful authority to take it, and the purpose and effect of it were to aid and abet him in a trespass upon the attaching officer ; it is therefore illegal and void.

The cases cited in support of the declaration, we think have no resemblance to this. Bonds varying in some respects from the requisitions of the statute have been held to be good at common law, but in all those cases the parties to the instrument are right, and the bond is in substance such as by law they have a right to make. Here the obligee has no right to any bond, and it is as if one should give to another, not an officer, a bond to indemnify him for taking without authority of law the goods of a third person.

*Declaration adjudged bad*

---

[1] A bond of this form is now distinctly required. Revised Stat. *c.* 113, § 29.